Filed 8/13/26  S.F. Police Officers Assn. v. City and County of S.F. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SAN FRANCISCO POLICE OFFICERS ASSOCIATION,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO et al.,<br><br>    Defendants and Respondents. | A175152<br><br>(City and County of San Francisco<br>Super. Ct. No. CGC-24-619424) |

After San Francisco and its Police Commission (together, the city) implemented an order limiting when San Francisco police officers can make traffic stops, the San Francisco Police Officers Association (union) filed an unfair practice charge with the Public Employment Relations Board (PERB) and a complaint in the trial court.  The court sustained the city's demurrer without leave to amend because it concluded, among other things, that the pending PERB action meant the union had not exhausted its administrative remedies.  The union appeals.  We affirm the court's order on that basis.

## BACKGROUND

As this appeal comes to us on demurrer, the following facts are taken from the operative complaint and the documents of which the trial court

1

took judicial notice. (Evid. Code, § 459, subd. (a); *Doe v. Google, Inc.* (2020) 54 Cal.App.5th 948, 952.)

In January 2023, the city approved an order entitled "Curtailing the Use of Pretext Stops." (Italics omitted.) The order prevented San Francisco police officers from making traffic stops for certain violations of the Vehicle Code. (Undesigned statutory references are to this code.) The city notified the union and invited it to meet and confer, and the parties met throughout the ensuing year.

In February 2024 — after a year of negotiations — the union served a declaration of impasse stating further discussions would be futile and demanded that the dispute be submitted to a board of arbitrators pursuant to the city charter's impasse procedures. The city rejected the demand, contending that the order was a " 'managerial right outside the scope of bargaining,' " and adopted the order.

In March 2024, the union filed an unfair practice charge with PERB seeking to "set aside and vacate" the order and impose arbitration pursuant to the city charter. Among other things, it argued that the city had unlawfully denied its demand for arbitration and that section 21 preempted the order. A few days later, PERB issued a complaint against the city. It alleged that by failing to negotiate an agreement with the union or exhaust the city charter's impasse procedures, the city committed an unfair practice. (Gov. Code, § 3509, subd. (b).)

In October 2024 — after the parties requested that the "PERB matter be placed in abeyance" — the union sued the city. It sought a declaration that section 21 preempted the order as well as "appropriate injunctive relief" to enjoin its enforcement. The city demurred. In May 2025 — after accepting

2

supplemental briefing on exhaustion of administrative remedies — the trial court sustained the demurrer but granted leave to amend.

In June 2025, the union filed an amended complaint seeking the same relief. The court sustained the city's demurrer to the amended complaint, again concluding that the union had not exhausted its administrative remedies since the PERB action could result in the order's invalidation. This time, the court denied leave to amend and entered judgment.

## DISCUSSION

The union contends the trial court erred by concluding it had not exhausted its administrative remedies. The union reasons that the PERB action does not seek "a legal determination" as to whether section 21 preempts the order, and the court thus should not have sustained the demurrer on exhaustion grounds. We are unpersuaded.

"In general, a party must exhaust administrative remedies before resorting to the courts." (*Coachella Valley Mosquito & Vendor Control Dist. v. California Public Employment Relations Bd.* (2005) 35 Cal.4th 1072, 1080.) "Under this rule, an administrative remedy is exhausted only upon 'termination of all available, nonduplicative administrative review procedures.' " (*Ibid.*) " 'The exhaustion doctrine is principally grounded on concerns favoring administrative autonomy . . . and judicial efficiency.' " (*Ibid.*) " '[O]verworked courts should decline to intervene in an administrative dispute unless absolutely necessary.' " (*Ibid.*) " '[W]e apply the de novo standard of review in an appeal following the sustaining of a demurrer.' " (*Ventura29 LLC v. City of San Buenaventura* (2023) 87 Cal.App.5th 1028, 1036, 1038 [affirming the sustaining of a demurrer for failure to exhaust administrative remedies].)

3

The trial court did not err by concluding the union failed to exhaust its administrative remedies.  (*Personnel Com. v. Barstow Unified School Dist.* (1996) 43 Cal.App.4th 871, 889.)  Contrary to the union's contentions, alleging violations of one law in the superior court and another in PERB proceedings does not "preclude application of the exhaustion doctrine."  (*Ibid.*)  Indeed, " 'what matters is whether the underlying conduct on which the suit is based—however described in the complaint—may fall within PERB's exclusive jurisdiction.' "  (*Ibid.*, italics omitted.)  For example, in *Personnel Com.*, the court held that the underlying conduct in PERB proceedings and the superior court was the same because the actions were based on the same factual predicate — the school district's elimination of a department and contracting out its work.  (*Ibid.*)  Likewise, the same factual predicate underlies both actions here — the city's approval and implementation of the order.  Moreover, "exhaustion is required even where PERB lacks jurisdiction over some of the issues involved."  (*Ibid.*)  Thus, contrary to the union's claims, whether PERB has jurisdiction over the preemption claim is irrelevant.  (*Ibid.*)

Next — relying on *Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd.* — the union contends it need not exhaust its administrative remedies because preemption is beyond the expertise of PERB and within the expertise of the courts.  Its reliance is misplaced.  That case states that "exhaustion of administrative remedies may be excused when a party claims that 'the agency lacks authority, statutory or otherwise, to resolve the underlying *dispute* between the parties.' " (*Coachella Valley Mosquito & Vector Control Dist.*, *supra*, 35 Cal.4th at pp. 1081–1082, italics added.)  Here, the union admits that PERB has the authority to resolve the dispute and that it needn't resolve the preemption

4

issue to do so.  Thus, exhaustion of administrative remedies may not be excused on that basis.  (*Ibid.*)  Moreover, the trial court's ruling is consistent with the concerns supporting the exhaustion rule — administrative autonomy and judicial efficiency.  (*Id.* at p. 1080.)  Here, intervention would be duplicative since PERB could resolve the dispute.

## DISPOSITION

The judgment is affirmed.  The city shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

_____
                                    RODRIGUEZ, J.


WE CONCUR:


_____
FUJISAKI, Acting P. J.


_____
PETROU, J.


A175152; *San Francisco Police Officers Assoc. v. City and County of San Francisco*